UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANGEL BENITEZ,<br>    *Plaintiff*,<br>v.<br>GOOD2GOINSURANCE, INC., OMNI INSURANCE CO., and AMERICAN INDEPENDENT COMPANIES, INC.,<br>    *Defendants*. | Civil No. 3:20cv69 (JBA)<br><br>August 6, 2020 |

**RULING ON RULE 41(D) MOTION AND MOTION TO STAY**

Defendant Omni Insurance Company ("Omni") moves pursuant to Federal Rule of Civil Procedure 41(d) for attorneys' fees and costs in the amount of $2,500 associated with Plaintiff's earlier filing and dismissal of a similar action. (Mot. for Costs and to Stay [Doc. # 16]; Def.'s Suppl. Mem. [Doc. # 23].) Defendant also moves for a stay of these proceedings until Plaintiff makes payment. Plaintiff objects. ([Doc. # 25].) For the reasons that follow, Defendant's motion is granted.

**I.    Background**

Plaintiff's Complaint alleges that while operating his scooter, Plaintiff was struck and injured by a car driven by Henry Jemison and owned by his wife, Saprina Jemison. (Compl. [Doc. # 1-1] ¶¶ 1, 4.) Plaintiff sued the Jemsions in Connecticut Superior Court, and judgment entered against the Jemisons, but that judgment has not been paid. (*Id.* ¶¶ 7-8.) Plaintiff alleges that the Defendants in this action "provided automobile insurance coverage to the defendants Saprina Jemsion and Henry Jemison." (*Id.* ¶ 10.) Thus, Plaintiff hopes to recover from Defendants for the judgment entered against the Jemsions.

On August 6, 2019, Plaintiff filed an action seeking to recover that judgment in Connecticut Superior Court (the "First Action"). *See* Complaint, *Benitez v. Omni Insurance "Good2Go Insurance, Inc."*, No. 3:19-cv-1381-AVC, ECF. No. 1-1 (D. Conn. Sep. 6, 2019). The Civil Summons filed by Plaintiff identified the sole defendant as "Good2GO Insurance, Inc.," but the complaint identified the defendant(s) as "Omni Insurance 'Good2Go Insurance, Inc',

et al." *Id.* The complaint referred throughout to "[t]he defendant, Good2Go Insurance, Inc a/k/a Omni Insurance." *Id.* at 2. On September 6, 2019, Omni Insurance Company appeared and removed that action to the District of Connecticut, and the case was assigned to Judge Covello. *See* Not. of Removal, *Benitez v. Omni Insurance "Good2Go Insurance, Inc."*, No. 3:19-cv-1381-AVC, ECF. No. 1 (D. Conn. Sep. 6, 2019). The complaint in the First Action brought two claims: breach of contract under Conn. Gen. Stat. § 38a-321, and violation of the Connecticut Unfair Trade Practices Act ("CUTPA") through the Connecticut Unfair Insurances Practices Act ("CUIPA").

In that First Action, Defendant Omni Insurance Company first responded to Plaintiff's requests for admission and moved for an extension of time within which to file a responsive pleading. (Mem. Supp. Mot. for Costs and to Stay [Doc. # 17] at 3.) Omni then moved to dismiss the First Action under Federal Rule of Civil Procedure 12(b)(6). Mot. to Dismiss, *Benitez v. Omni Insurance "Good2Go Insurance, Inc."*, No. 3:19-cv-1381-AVC, ECF. No. 14 (D. Conn. Sep. 26, 2019). That motion argued primarily that Plaintiff's breach of contract claim should be dismissed because Saprina Jemison's automobile insurance policy expressly excluded Henry Jemison from coverage, and that the CUTPA/CUIPA claim should be dismissed because the complaint did not plausibly allege that Omni had made a factual misrepresentation. *Id.* That motion also noted the complaint's lack of clarity in identifying the named defendant in the First Action and asserted that Omni Insurance Company was the only proper defendant. *Id.*

Shortly thereafter, on October 7, 2019, Plaintiff filed a Notice of Voluntary Dismissal, and the First Action was subsequently dismissed. Not. of Voluntary Dismissal, *Benitez v. Omni Insurance "Good2Go Insurance, Inc."*, No. 3:19-cv-1381-AVC, ECF. No. 17 (D. Conn. Oct. 7, 2019).

On December 16, 2019, this action began when Plaintiff filed a new suit in Connecticut Superior Court which identified as defendants Good2Go Insurance, Inc., Omni Insurance

Company, and American Independent Companies, Inc. (Compl.) On January 14, 2020, Defendants removed that complaint to this Court. (Not. of Removal [Doc. # 1].) Again, Plaintiff brings one claim for breach of contract and one claim for violation of CUTPA/CUIPA.

Defendant Omni Insurance Company now moves[1] for an award of costs and attorneys' fees incurred in connection with the First Action and asks the Court to stay this proceeding until Plaintiff makes payment on any such award. (Mot. for Costs and to Stay at 1.) Defendant first sought an award of $14,255.85 to cover all costs and fees incurred in the First Action. (Mem. Supp. Mot. for Costs and to Stay at 6.) Via teleconference on February 5, 2020, in light of the substantial similarity between the complaints in the First Action and this action, the Court directed Defendant to identify the costs and fees incurred for work in the First Action which would not be used in defending this action. Defendant represents that it incurred costs and fees in the amount of $2,500 for work in the First Action which will not be of use in this Action. (Suppl. Mem. Supp. Mot. for Costs and to Stay [Doc. # 23].)

## II.   Discussion

Federal Rule of Civil Procedure 41(d) provides that "[i]f a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court: 1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceedings until the plaintiff has complied." District courts may use their discretion "to award attorneys' fees as part of costs" under Rule 41(d). *Horowitz v. South Emerson Assocs. LLC*, 888 F.3d 13, 25 (2d Cir. 2018).

"Rule 41(d)'s purpose is clear and undisputed: to serve as a deterrent to forum shopping and vexatious litigation." *Id.* (internal quotation omitted). "The targets of deterrence under the rule will often be litigants . . . that file complaints and quickly dismiss

---

[1] "Although Defendants contend that Omni is the only proper defendant in this lawsuit or the prior action, to the extent necessary or appropriate, Good2Go joins in this motion." (Mem. Supp. Mot for Costs and to Stay at 1 n.1.)

3

them, perhaps in reaction to initial unfavorable rulings, or hoping for a subsequent case assignment to a judge they view as more favorable." *Id.* at 26.

Defendant argues that costs and fees should be awarded because "Plaintiff never explained his reason for voluntarily dismissing the First Action, and there does not appear to be any proper basis for it." (Mem. Supp. Mot for Costs and to Stay at 5.) Defendant asserts that any modifications Plaintiff sought to make to his complaint or action—including more clearly naming or joining additional parties and adding or modifying allegations—could have been properly accomplished in the First Action under Federal Rules of Civil Procedure 15 and 20. (*Id.* at 5-6.)

Defendant seeks an award of $2,500 for fees and costs incurred in the First Action for work that will not be of use to Defendant in litigating this action. (Suppl. Mem. Supp. Mot. for Costs and to Stay at 1.) In support of this request, Defendant offers the affidavit of Wystan M. Ackerman, a partner with the law firm of Robinson & Cole LLP, who represents Omni. (Ackerman Suppl. Aff. [Doc. # 23-1] ¶ 1.) Mr. Ackerman represents that he and Attorney Denis J. O'Malley, an associate with Robinson & Cole, worked jointly to represent Omni in the First Action and this action. (*Id.* ¶ 2.) Mr. Ackerman billed at the rate of $350 per hour, and Mr. O'Malley billed at the rate of $250 per hour. (*Id.* ¶¶ 1-2.)

In the First Action, Mr. O'Malley worked for 5.9 hours and Mr. Ackerman worked for 0.5 hour on "removal papers and corporate disclosure statements." (*Id.* ¶ 3.) Mr. O'Malley also worked for 0.2 hour on the motion for extension of time to file the Motion to Dismiss in the First Action. (*Id.*) Mr. O'Malley spent 2.6 hours and Mr. Ackerman spent 0.4 hour "assessing" Omni's "options in response to the plaintiff's notice of voluntary dismissal in the First Action." (*Id.*) In total, Mr. O'Malley billed $2,175 and Mr. Ackerman billed $315 in the First Action for the removal, corporate disclosure statements, motion for extension of time, and assessment of post-dismissal options. Thus, in total, Attorneys Ackerman and O'Malley billed $2,490 in the First Action on work which will not be of use to Omni in this action. Omni

also incurred a $400 filing fee in removing the First Action and a delivery charge of $14. (*Id.*) Defendant submits invoices and timekeeping entries in support of these charges, (Ex. A (Invoices) to Ackerman Suppl. Aff. [Doc. # 23-2]), but only asks the Court to "award attorney's fees and costs of $2,500," (Suppl. Mem. Supp. Mot. for Costs and to Stay at 1).

Defendant also argues that this action should be stayed until any such award has been satisfied "because, if Plaintiff chooses not to or lacks the resources to pay an award of attorney's fees and costs, or concludes that in light of the weakness of his claims it is not worth taking the risk of paying such fees and costs, that would bring a swift end to this litigation without the need for Defendants to incur additional attorney's fees and costs." (Mem. Supp. Mot for Costs and to Stay. at 7.) Defendant also asks the Court to "set an appropriate deadline for payment of such fees and costs." (*Id.*)

Plaintiff appears not to dispute that the First Action and this action are "based on or including the same claim against the same defendant," as required by Rule 41(d). Nevertheless Plaintiff opposes Defendant's motion and argues that no costs or fees should be awarded because he acted "in good faith." (Pl.'s Opp. to Def.'s Mot. for Costs and to Stay [Doc. # 25] at 4.) He asserts—without reference to any authority—that where a complaint is withdrawn and "subsequently refiled . . . in good faith, the Court should not, in its decision, award costs and fees in accordance with Federal Rule 41(d)." (*Id.*)

Plaintiff represents that in reviewing the Motion to Dismiss filed in the First Action, his "counsel noted the complex corporate structure of the defendant's entities, which entities include privately held and subsidiary corporations." (*Id.* at 5.) Plaintiff also represents without further explanation that the Motion to Dismiss "raised numerous issues requiring resolution, in order to properly adjudicate the matter." (*Id.*)

Plaintiff explains his decision to dismiss the First Action by noting that his counsel "is a solo practitioner" and that Rules 15 and 20 allow only "twenty-one (21) days to join additional parties and amend the complaint, as a matter of right." (*Id.*) Thus, Plaintiff's

counsel "opted to voluntarily dismiss the case so that he could properly research and address the matters raised by the defendant, without the burden of twenty-one (21) days imposed by the Federal Rules." (*Id.*) Plaintiff explains that the "corporate structure of the entities was particularly opaque" and that he "researched the ownership initially through internet searches in the State of Connecticut Corporate filings." (*Id.*)

In the alternative, if the Court awards fees and costs to Defendant, Plaintiff argues that *only* "the four hundred dollar ($400.00) filing fee" should be awarded. (*Id.* at 6.)

In reviewing the parties' arguments and comparing the First Action with this action, the Court agrees with Defendant that an award of attorney's fees and costs is proper. "There is no requirement in Rule 41(d) or the relevant caselaw that a defendant must show bad faith on the part of the plaintiff in order to recover costs." *Loubier v. Modern Acoustincs, Inc.*, 178 F.R.D. 17, 22 (D. Conn. 1998) (internal citation omitted). Thus, Plaintiff's argument that costs and fees should not be awarded because he acted "in good faith" is unavailing.

Moreover, although Plaintiff represents that his counsel desired additional time to research the proper defendants and determine whether amendments to the complaint were necessary, he fails to offer any explanation as to why he viewed dismissal and subsequent refiling—instead of a routine motion for extension of time—as the appropriate course of action. Regardless of Plaintiff's assertion that he acted "in good faith," his litigation strategy produced precisely the type of unnecessary costs and vexatious litigation which Rule 41(d) is intended to deter. *See Lombardo v. R.L. Young, Inc.*, 2018 WL 6727356, at *2 (D. Conn. Dec. 21, 2018) (rejecting plaintiff's argument that no costs should be awarded because he acted in good faith in dismissing and refiling action after resolving to add claims and parties and believing that he could not do so "expeditiously" in the first action).

The Court thoroughly reviewed Mr. Ackerman's affidavit and the accompanying invoices and timekeeping records. Upon that review, the Court agrees that an award of

$2,500 appropriately covers the reasonable costs and fees incurred by Defendant in litigating the First Action for work which will not be of use in this action.

But at this time, the Court will not order this action stayed pending payment of this award. "An award of costs and the issuance of a stay are separate discretionary issues under Rule 41(d), and there is nothing in the text of the rule that requires the Court to issue a stay upon an award of costs." *Id.* at *3; *see* Fed. R. Civ. P. 41(d) (a district court "*may* order the plaintiff to pay all or part of the costs of that previous action" and also "*may* stay the proceedings until the plaintiff has complied" (emphases added)). Instead, the Court directs Plaintiff to make payment in full to Defendant Omni Insurance Company in the amount of $2,500 by September 8, 2020. If payment has not been made in full by that date, Defendant may renew its motion to stay this action pending payment of the $2,500 award.

### III.    Conclusion

For the reasons set forth above, Defendant's Motion for Costs and to Stay [Doc. # 16] is granted in part and as modified. Defendant is awarded $2,500 in costs and fees pursuant to Federal Rule of Civil Procedure 41(d). Plaintiff shall make such payment in full by September 8, 2020. Defendant's request for a stay of this action is denied without prejudice to renew if payment has not been made in full by September 8, 2020.

IT IS SO ORDERED.

/S/

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 6th day of August 2020.