UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Angel Benitez,<br><br>     *Plaintiff*,<br><br>     *v.*<br><br>Good2Go Insurance, Inc., Omni Insurance Co., and American Independent Companies, Inc.,<br><br>     *Defendants*. | Civil No. 3:20-cv-69 (JBA)<br><br><br>March 25, 2021 |

**RULING GRANTING DEFENDANTS' MOTION TO DISMISS**

Plaintiff Angel Benitez brings claims against Defendants Good2Go Insurance, Inc., Omni Insurance, Inc., and American Independent Companies, Inc., for failing to satisfy the final judgment rendered against its insured pursuant to C.G.S. § 38a-321 and in violation of the Connecticut Unfair Insurance Practices Act (CUIPA), C.G.S. § 38a-816(1)(A). (Am. Compl. [Doc. # 26].) Defendants move to dismiss all claims. (Mot. to Dismiss [Doc. # 28].) Plaintiff opposes. (Pl.'s Mem. in Opp. [Doc. # 31].)

## I.      Factual Background from Amended Complaint

On June 19, 2015, Henry Jemison hit Plaintiff Angel Benitez with a car he was driving that was owned by his wife Saprina Jemison. (Am. Compl. ¶¶ 1-2.) Plaintiff, who was operating a scooter at the time of the crash, was injured. (*Id.* ¶ 4.) Plaintiff filed suit against both Henry and Saprina Jemison on May 19, 2017 for the personal injuries he sustained as a result of the crash. *Benitez v. Jemison*, No. HHD-CV17-6078587-S (Super. Ct. Conn. filed on May 19, 2017). Henry and Saprina Jemison failed to appear in the case and default judgments were entered against them on September 24, 2018. Order of Default, *Benitez v. Jemison*, No. HHD-CV17-6078587-S (Super. Ct. Conn. entered on Sept. 24, 2018). Thereafter, the Superior Court conduct a hearing on damages, and on May 21, 2019 awarded Plaintiff $83,487.34 in economic damages and $250,000.00 in noneconomic damages. Order of Damages, *Benitez v. Jemison*, No. HHD-CV17-6078587-S (Super. Ct. Conn.

entered on June 12, 2019). Henry Jemison received a felony conviction in connection with the car crash, thus Plaintiff's damages were trebled pursuant to C.G.S. § 14-295, totaling $1,000,462.12. *Id.*

Saprina Jemison had purchased an automobile insurance policy through Defendant Good2Go Insurance that was in effect at the time of the accident. (Am. Compl. ¶¶ 11-12.) Good2Go is a Pennsylvania corporation that is a wholly owned direct subsidiary of Independent Insurance Investments, a Delaware Corporation. (*Id.* ¶ 8.) Defendant Omni Insurance Company, an Illinois corporation and wholly owned subsidiary of Independent Investments, underwrote Saprina Jemison's policy.[1] (*Id.* ¶¶ 9-11.)

Although Plaintiff admits that Saprina Jemison purchased the policy intending to exclude Henry Jemison from coverage, he maintains that this exclusion does not comply with C.G.S. § 38a-335(d) and that Good2Go therefore had a duty to defend and indemnify Henry Jemison. (*Id.* ¶ 14.) Since Good2Go failed to defend the Jemisons, Plaintiff maintains that Defendants are now liable for the full judgment entered in the Superior Court action. (*Id.* ¶¶ 14-15.) Plaintiff also alleges that Defendants negligently misrepresented that the policy complied with Connecticut law and thus violated the Connecticut Unfair Insurance Practices Act (CUIPA). (*Id.* ¶ 21.) Plaintiff brings his CUIPA claim on behalf of himself and a class of similarly situated people. (*Id.* ¶ 30.)

## II.     Legal Standard

To withstand a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]he complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." *Int'l*

---

[1] Plaintiff does not allege the citizenship of Defendant American Independent Companies, nor does it allege any relationship between Defendant American Independent Companies and Independent Insurance Investments. Plaintiff alleges only that Defendants American Independent Companies, Omni Insurance, and Good2Go Insurance "provided automobile insurance coverage" to Saprina Jemison and thereafter refers to those Defendants collectively as "Independent Insurance Investment, Inc." (Am. Compl. ¶ 12.)

*Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" and should not be accepted as true. *Id.* at 678. Moreover, if a plaintiff's allegation is directly contradicted by an exhibit attached to the complaint or by documents upon which the pleadings rely, the allegation is not entitled to the presumption of truth. *Perry v. NYSARC, Inc.*, 424 Fed. App'x 23, 25 (2d Cir. 2011) (citing *Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1095 (2d Cir. 1995)).

### III. Discussion

#### a. C.G.S. § 38a-321 Claim

Under Connecticut law, when an insurer whose insured has had a judgment entered against him or her for loss or damage covered by the policy and the insurer does not satisfy the judgment within thirty days of the judgment being rendered, "such judgment creditor shall be subrogated to all the rights of the defendant and shall have a right of action against the insurer to the same extent that the defendant in such action could have enforced his claim against such insurer had such defendant paid such judgment." C.G.S. § 38a-321. Plaintiff maintains that Henry Jemison, who caused Plaintiff's injuries in a car crash, was insured by Defendants and brings this claim pursuant to § 38a-321.

Plaintiff maintains that the exclusion of Henry Jemison from Saprina Jemison's insurance coverage is void as failing to comply with Connecticut General Statute § 38a-335(d) which requires a car insurance policy to "apply to the named insured and relatives residing in such insured's household unless any such relative is specifically excluded by endorsement." Because Defendants allegedly failed to properly exclude Henry Jemison via endorsement, Plaintiff maintains that Defendants are liable for the judgment against Henry Jemison and in favor of Plaintiff. Defendants argue that the exclusion fully complies with applicable law, is valid and enforceable, and thus seek dismissal of this case.

It is undisputed that Saprina Jemison applied for a car insurance policy with Good2Go on December 4, 2014 and that, as a part of her application, Ms. Jemison

3

completed the Named Driver Exclusion Endorsement Selection Form (Endorsement Form) which listed Henry Jemison as excluded from coverage. (Application, Ex. D to Pl.'s Mem. [Doc. # 31-1] at 66.) The Endorsement Form states at the top of the page, "This endorsement forms a part of policy number: 5826708 issued to SAPRINA JEMSION." (*Id.* at 14.) It goes on to explain that "[i]n consideration of the premium charged, we agree that insurance coverage is not afforded while any insured vehicle is being used, driven, operated or manipulated by or under the care, custody or control of the Named Excluded Driver(s)." (*Id.*) Below this is a table listing Henry Jemison's name, date of birth, and relationship to the insured, and below that is Saprina Jemison's policy number, her signature, and the date. (*Id.*)

The body of Saprina Jemison's insurance policy, which explains her coverage in detail, contains an endorsement section titled "Named Driver Exclusion" that states:

> If **you** have asked **us** in **your** application to exclude any person from coverage under this policy, then **we** will not provide coverage for any claim arising from an accident or loss involving **your covered auto** or **non-owned auto** that occurs while it is being operated by the excluded person. This includes any claim for damages made against **you, family member** or any other person or organization that is liable for an accident arising out of the operation of **your covered auto** or **non-owned auto** by the excluded drive. This includes any claim for damages for any negligence, which may be imputed by law to **you** or a **family member** arising out of the maintenance, operation or use of a motor vehicle by the excluded person.

(Exclusions, Ex. C to Am. Compl. [Doc. # 1-1] at 57.) In accordance with the policy's statements that "The Named Excluded Driver(s) is named on the declarations page of the policy," (Endorsement Form, Ex. D to Am. Compl. at 66), and that the named driver exclusion "only applies if form 0906-08 appears on the policy declarations," (Exclusions, Ex. C to Am. Compl. at 57), Henry Jemison is listed as an excluded driver on the declarations page and form 0906-8 is identified as an applicable form and endorsement, (Declarations, Ex. A to Def.'s Mem. [Doc. # 29-1] at 2-3).

Plaintiff argues that the Endorsement Form does not comply with state law because "[t]he policy does not specifically reference any person in the endorsement section as required by the statute and affirmed in *Dairyland Insurance Co. v. Mitchell*." (Pl.'s Mem. at 7.) In *Dairyland*, the Connecticut Supreme Court held that § 38a-335(d) required that any

4

exclusion of relatives residing in an insured's household must be "set forth in an endorsement" and cannot be only "listed among other exclusions in the body of the policy itself." *Dairyland Ins. Co. v. Mitchell*, 320 Conn. 205, 213 (2016). For insurance purposes, an endorsement is "a term of art[, and] is defined as 'a writing added or attached to a policy or certificate of insurance which expands or restricts its benefits or excludes certain conditions from coverage. . . . When properly incorporated into the policy, the policy and the . . . endorsement together constitute the contract of insurance, and are to be read together to determine the contract actually intended by the parties." *Id.* (quoting *Liberty Mutual Ins. Co. v. Lone Star Industries, Inc.*, 290 Conn. 767, 806 (2009)).  The purpose of this rule requiring that exclusions of household relatives be set forth in an endorsement is not to prohibit such exclusions, but to ensure that policyholders have notice of and accept the specific exclusions. *American States Ins. Co. v. Allstate Ins. Co.*, 282 Conn. 454, 475 (2007); *see also Dairyland*, 320 Conn. at 213-214 ("Presumably, the legislature considered exclusions . . . to be counterintuitive to the lay consumer of insurance and, therefore, required them to be set forth in a conspicuous fashion.").

Saprina Jemison completed a separate form, the Endorsement Form, in which she specifically and formally acknowledged that her husband, Henry Jemison, was excluded from her car insurance policy and that the Endorsement Form became "a part of policy number: 5826708 issued to Saprina Jemison." (Endorsement Form at 14). In addition, the declarations page lists Henry Jemison by name as an excluded driver and references the Endorsement Form Saprina Jemison completed acknowledging and accepting that he was an excluded driver. (Declarations, Ex. A to Def.'s Mem. at 2-3.)

Plaintiff contends that Connecticut law "requires that a named driver be listed in the endorsement section of the policy." (Pl.'s Mem. at 7 (citing C.G.S. § 38-335d; *Dairyland*, 320 Conn.  at 205.) However, nowhere does either *Dairyland* or the relevant statute state that the excluded driver must be named specifically in an endorsement section of the insurance policy. Rather, C.G.S. § 38-335d requires that any excluded member of insured's household must be "specifically excluded by endorsement," and *Dairyland* explains that such an endorsement must be "set forth in a conspicuous fashion" in "a writing added or attached to a policy or certificate" that is incorporated into the policy to restrict coverage. 320 Conn.

at 212-214. Defendants have clearly complied with such requirements by creating a separate Endorsement Form identifying Henry Jemison by name as an excluded driver, explaining the significance of his exclusion, requiring Saprina Jemison to sign the Endorsement Form, explicitly incorporating the Endorsement Form into the policy, and declaring Henry Jemison as an excluded driver by name in the declaration section of the policy. There is no doubt, and indeed no dispute, that Saprina Jemison intended to exclude Henry Jemison from coverage and understood the implications of that choice. The Court finds that Henry Jemison's exclusion from coverage is valid and enforceable since Saprina Jemison received conspicuous notice of the exclusion, which was set forth in an endorsement and grants Defendants' motion to dismiss Plaintiff's C.G.S. § 38a-321 claim.

### a. CUIPA Claim

Plaintiff also brings a putative class claim alleging that the policy's disclaimer regarding excluded persons amounts to a negligent misrepresentation since the exclusion was invalid for not complying with Connecticut law. (Am. Compl. ¶¶ 21-22.) The CUIPA "prohibits misrepresentations and false advertising of insurance policies." *Heyman Assocs. No. 1 v. Ins. Co. of Pennsylvania*, 280 Conn. 619, 625 (2006). Because the Court finds that Defendants' exclusion of Henry Jemison complies with Connecticut law, Plaintiff's claim that Defendants violated the CUIPA by misrepresenting that its policy complied with the law necessarily fails, and the Court grants Defendants' motion to dismiss.

## IV.   Conclusion

Defendants' motion to dismiss [Doc. # 28] is GRANTED. The Clerk is directed to enter judgment in favor of Defendants and close this case.

IT IS SO ORDERED.

_____/s/_____

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 25th day of March 2021.